Gilmore, J.
For the purposes of this case it is assui red, without considering the questions that may be involved therein, that the plaintiffs are entitled to prosecute this proceeding in error, without having been parties to the action in which the decree sought to be reversed was rendered.
With this conceded, two questions arise on the record : *55 1st. Was tbe decree of tbe district court, at its April term,, 1872, final, for tbe purposes of review upon error ? If so : 2d. Is tbis proceeding in error barred by lapse of time ?'
1. Tbe rights of tbe respective parties depended primarily on tbe construction of tbe will of Enoch M. Granger, deceased, under which tbe defendant claimed title. If this-will devised all tbe interest which tbe testator bad in tbe lands in question to bis widow and daughter, who bad transferred their interest to him, then tbe defendant, Hinde,. was tbe owner in fee simple of tbe lands, and a.decree in. bis favor must have been rendered. If, on the other band, tbe will devised to tbe widow and daughter tbe use and benefit only of tbe land during tbe life of tbe widow, and made no further disposition of bis estate therein, then, at. her death, which bad happened, tbe interest of tbe testator-in tbe lands reverted to bis children and heirs, tbe plaintiffs, and they were entitled to tbe relief they demanded. On tbis controlling point, tbe court found and decreed a construction of tbe will favorable to the plaintiffs. In addition to this, all tbe other facts material to the ascertainment and. determination of tbe rights of tbe parties respectively in tbe land, and in tbe matters of account between them, bad been either admitted by tbe pleadings or found and reported by tbe referee, whereby tbe court was enabled to, and did, understandingly determine tbe rights of each and all tbe parties in reference to all tbe matters in controversy between them, and decreed accordingly. In short, tbe decree disposed of tbe whole merits of tbe cause, and left nothing further for tbe consideration of tbe court. This-was a final decree. Jaques v. Trustees of M. E. Church, 17 John. 548; Kelly v. Stanbery, 18 Ohio, 421; Teaff v. Hewitt, 1 Ohio St. 520. And tbe decree was reviewable on error.. Sections 512 and 514, Code of Civil Procedure. Tbe case-was before tbe district court on appeal, and tbe order remanding it to tbe common pleas, for partition, was simply an order in execution of tbe final decree. S. & C. 383, sec. 21. Tbe subsequent orders of tbe court of common pleas did not, in any respect, affect tbe rights of the parties as *56 fixed by tbe final decree of the district court; nor did they have the effect of prolonging the time within which a party dissatisfied with the final decree might institute proceedings in error to reverse it. • It is, therefore, only the final decree of the district court that is sought to be reviewed in this proceeding, unaffected, as it is, by the subse•quent proceedings in the court of common pleas.
2. Is this proceeding in error barred by the lapse of •time ?
The question must be determined by a construction of the 523d section of the code, which provides as follows: “ No proceeding for reversing, vacating, or modifying judgments or final orders shall be commenced unless within three years after the rendition of the judgment, or making ■of the final order complained of; or, in case the person entitled to such proceeding be an infant, a married woman, a person of unsound mind, or imprisoned, within three years .as aforesaid, exclusive of the time of such disability.”
The final decree was rendered in April, 1872, and hence more than five years have elapsed since the rendition of the judgment sought to be reversed. As against Hinde, the defendant below, were he still surviving, it is conceded that the statute would run and bar his rights to prosecute proceedings in error to reverse the final judgment at this time. But Hinde died in January, 1875, three months before the three years’ limitation had expired, leaving a widow and minor children who are the present plaintiffs in error; and who, upon the death of Hinde, were entitled to prosecute •proceedings in error, at least until three years from the rendition of the decree had fully expired ; and it is contended, that inasmuch as they were so entitled at that time, i. e. the expiration of the three years, and being then and still under disability, they are within the saving provisions of the latter clause of section 523, and therefore still entitled to prosecute this proceeding.
We can not assent to the construction of the section thus contended for. To bring a party within the saving clause thereof, it must appear that he was under disability at the *57 time tbe judgment, wbicb is sought to be reversed, was rendered ; and nothing short of this will bring him within its provisions.
The decree, the reversal of which is sought, was rendered against Joseph G-. Einde, who was then in full life, and the statute at once commenced to run against him, and the general rule is that when the statute once commences to run it continues, notwithstanding the death of the person against whom it is running, before the expiration of the prescribed limitation. We think this rule must be applied in this case. We therefore hold that the right of the widow .and children of Einde to prosecute this proceeding is barred by the 523d section of the code, notwithstanding they were under disability at the time the prescribed limitation expired.

Motion overruled.